## CHARLES DANA *vs.* MARSHALL MASON, Jr.

M having contracted to perform a job of work by a specified time, for which he was to receive payment therefor when the job was done, applied to D, and stated to him the terms of the contract, and requested him, D, to furnish him from time to time with goods out of D's store, saying he wished D to wait for his pay until he had finished the job, and had received payment therefor. D assented, and let M have goods, from time to time, to a considerable amount. It was held that D was entitled to his pay for the goods so delivered as soon as the time had expired within which the job was to have been performed, though M had not completed it, nor received payment therefor.

This was an action on *book account*, and came before this Court, on the report of an auditor which had been made to the county court. It appeared from the report that the action was brought to recover for certain goods and merchandize which had been delivered from time to time to the defendant under the following circumstances :—Prior to the defendant's taking up any of the goods charged in the account, the defendant had contracted to build the whole or a part of a certain parsonage-house in Woodstock, and, by the agreement with the building-committee, was to finish the job in the fall of the same year, (i. e. 1828,) and was to receive his pay when it was done—the committee to furnish materials ; that afterwards, on, or near, the last day of July, 1828, and before any goods were taken up by the defendant, the defendant told the plaintiff he had made said contract, and informed him particularly of the terms of it, as above stated ; and at the same time told the plaintiff, he should want to get goods, from time to time, at plaintiff's store, and should wish plaintiff to wait for his pay until he, the defendant, completed said job, and had gotten his pay for it ; to which proposition the plaintiff assented ; and afterwards, from time to time, delivered to the defendant the goods charged in the account exhibited, under the agreement above stated ; that the defendant entered upon the performance of his contract, and, in the fall of 1828, finished it, excepting the window blinds, for which the committee did not seasonably provide the

materials : but the defendant made and hung the blinds in May, 1829, which finished said job as defendant had contracted ; that defendant did not make a settlement with the committee respecting his contract until Nov., 1830, when he received, for the first time, some pay ; that he had not then (at the time of the audit) received all his pay, by about thirty dollars ; that the plaintiff commenced his action on the 6th day of February, 1830 ; and that he was one of the subscribers for building said parsonage house.

Upon these facts, the auditor reported specially, that, if by the legal effect of the contract so made between the plaintiff and defendant, the plaintiff's right to demand payment for the goods accrued at the expiration of the time, ("the fall" of 1828,) within which defendant was to finish said building, there was due from defendant to plaintiff the sum of one hundred and one dollars and fifty eight cents, being the balance of the account and interest thereon. But that if the plaintiffs right to receive payment did not accrue until the defendant should have obtained his pay on said building contract, then there was nothing due on account from defendant to plaintiff.

The county court rendered judgement for the defendant, and the plaintiff reserved the case for the opinion of this Court.

After argument by *Marsh*, for the plaintiff, and *E. Hutchinson*, for the defendant,

The opinion of the Court was delivered by

BAYLIES, J.—If the plaintiff sued before his cause of action had accrued, the judgement of the county court must be affirmed. But if the plaintiff's cause of action had accrued, when he commenced his action, the judgement of the county court must be reversed, and the plaintiff recover the sum awarded. The law is well settled, that where goods, charged on book, are sold on a special contract, for the seller to wait for his pay a certain time, he cannot sustain an action on book account, until the time of credit agreed upon is past ; for until then, the seller's cause of action does not accrue. The report of the auditor states, that the defendant, before he took up the goods, " had contracted to build by job the whole, or a part, of the parsonage house, in Woodstock, and, by agreement with the building committee, was to finish the job in the fall of 1828, and was to receive his pay for the job, when it was done ; the said committee to furnish materials." And the report also states, that the defendant in the fall of 1828,

WINDSOR,
February,
1832.

Dana
vs.
Mason.

finished said job, excepting the window blinds, for which the committee did not seasonably provide the materials : these were finished in May, 1829. If the building committee prevented the defendant performing his contract, by their negligence in finding materials for the window blinds, the defendant was entitled to his money for the job in the fall of 1828, the same as though the job had been completed.

The report also states, "that on or near the last day of July, 1828, and before any goods were by him taken, the defendant told the plaintiff, that he had made the building contract aforesaid, and informed him particularly of the terms of the same, as above stated ; and thereupon, at the same time said to the plaintiff, that he should want to get goods from time to time at plaintiff's store, and should want to have plaintiff wait for his pay for the goods until the defendant should get said job done, and get his pay for it ; to which proposition the plaintiff assented." It is also stated, that all the goods charged in plaintiff's account were taken up on this contract. How are we to understand this contract? Was the plaintiff to lose his goods, if the defendant did not complete his job, or receive his pay therefor, according to his contract with the building committee? The plaintiff's cause of action for the goods, which he sold and delivered to the defendant, did not depend on such a contingency ; but it was the understanding that the defendant would do his job, and receive his pay, in the fall of 1828, and would then pay the plaintiff for his goods.

The plaintiff commenced his action on the 6th day of February, 1830 ; that is, one year and two months after the defendant was entitled to receive his money for doing the job. The report's stating " that defendant did not make a settlement of his said building contract until November, 1830," without showing any cause for this delay, is not sufficient excuse for the defendant's not paying for the goods.

There can be no doubt the plaintiff had a cause of action on the sixth of February, 1830, when he commenced his suit ; and the judgement of the county court must be reversed, and judgement be rendered for the plaintiff to recover the sum reported, and his costs.